**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5026**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LANDIS RICHARDSON,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00252)

---

Submitted:  July 18, 2007              Decided:  August 9, 2007

---

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kimberly Y. Best, THE BEST LAW FIRM, PLLC, Charlotte, North Carolina; Steven T. Meier, MALONEY & MEIER, LLC, Charlotte, North Carolina, for Appellants.  Keith Michael Cave, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Landis Richardson appeals his conviction and eighty-four month sentence following his jury conviction of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2000) ("Count One"); possession with intent to distribute marijuana and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(D) (2000) ("Count Two"); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) ("Count Three"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000) ("Count Five"). The district court sentenced Richardson to concurrent terms of twenty-four months' imprisonment for Counts One, Two and Five and a consecutive term of sixty months on Count Three, the statutory minimum for that offense. See 18 U.S.C. § 924(c). Richardson's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Richardson. Richardson was advised of his right to file a pro se supplemental brief, but he has not done so. For the following reasons, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir.

2005). After <u>Booker</u>, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. <u>Hughes</u>, 401 F.3d at 546. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

First, the district court correctly calculated Richardson's advisory guideline range. Although Richardson questions whether one of the criminal history points was correctly assessed, even without this disputed point, Richardson would have remained in criminal history category III.

Moreover, the district court explicitly treated the Guidelines as advisory, and sentenced Richardson only after considering the § 3553(a) factors and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through

§ 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. Richardson's eighty-four month sentence is presumptively reasonable, as it is within the appropriate guideline range, and below the statutory maximum sentence.* As neither Richardson nor the record suggests any information to rebut the presumption, we find that Richardson's sentence is reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Counts One, Two and Five carried statutory maximum terms of five and ten years' imprisonment, respectively. See 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 922(g)(1)(2000).

- 4 -